[File No. 5962.]

MAX MOTLEY, Respondent, v. STANDARD OIL COMPANY, a Corporation, and George Potter, Appellants.

(240 N. W. 206.)

Opinion filed December 15, 1931.   Rehearing denied January 22, 1932.

*Nestos, Herigstad & Stenerson,* for appellants.

662

*W. H. Adams,* for respondent.

CHRISTIANSON, Ch. J.   Plaintiff brought this action to recover damages for personal injuries sustained as the result of a collision between an automobile driven by the plaintiff and a truck driven by the defendant, George Potter.   The complaint alleges that the defendant Potter was "the servant and employee" of the defendant, Standard Oil Company, and, at the time of the collision, operated the truck for the said Standard Oil Company as such servant.   The complaint contains the usual averments and charges that the collision was occasioned by, and the resulting injuries to the plaintiff were due to, the negligence of the said defendant, George Potter, in operating the truck. The two defendants interposed separate answers.   Each answer admitted the corporate existence of the Standard Oil Company but denied all other allegations in the complaint.   The answer of the Standard Oil Company also specifically denied that it was the owner or in

control of the truck mentioned in plaintiff's complaint. Each answer, however, admitted the collision but alleged that it was occasioned by the negligence of the plaintiff. It was, also, alleged that the plaintiff failed to keep the automobile on his side of the road and drove it in or near the center of the road; that the automobile was equipped with insufficient and dim headlights, with the lenses sprayed with paint and that he allowed his left arm to project out of the window of the automobile while he was driving.

The case was tried to a jury and resulted in a verdict in favor of the plaintiff. The defendants moved for judgment notwithstanding the verdict or for a new trial. The motion was denied and defendants appeal.

There is no dispute in the evidence but that the collision occurred and that the plaintiff was seriously injured as a result of it. There is likewise no dispute as to the particular injury sustained by the plaintiff. The accident occurred on the evening of August 25, 1929. The plaintiff was driving a Ford coupe. Another young man, named Sachs, was riding with him. They were both employees of the Otter Tail Power Company. Potter was driving a truck filled with gasoline belonging to the Standard Oil Company which he was delivering for that company. There was protruding from the side of the truck a rack in which grease cans were kept. This rack protruded to some extent on the side of the truck. The defendant Potter testified that he saw the car approaching when it was about half a mile away and that it was in sight at all times after that time. The plaintiff was driving with his left arm resting on the ledge of the window so that the elbow protruded some four or five inches. In passing the truck the elbow was caught in the protruding rack with the result that the arm was badly shattered and the bones of the forearm protruded through the skin and a part of the skin was left on the rack. There was a square conflict in the testimony as to the relative positions of the car and truck at the time the accident occurred. According to the testimony of the defendant Potter, he drove his truck to the extreme edge of the road on the right hand side and the automobile did not yield sufficient space but stayed near the center of the road, and as they were about to pass the automobile veered toward the truck and crashed into it. According to the testimony of the plaintiff and the

man who was riding with him, the automobile was driven as near the right hand edge of the road as was possible, and the truck failed to give sufficient space for passage with the resulting collision. The defendant produced certain witnesses who went out to the place where the accident occurred on the evening immediately following the accident to examine the road and ascertain the relative positions of the truck and the automobile. Their testimony tends to corroborate that of the defendant Potter. The evidence, however, shows that the road was a well traveled one; that while there was a certain amount of loose gravel, that in a general way the road was well packed. Viewing the testimony as a whole we are all agreed that it cannot be said that the evidence adduced by the defendant as to the relative locations of the car and truck at the time of the accident is so conclusive as to eliminate this as a question of fact and make it one of law. We are of the opinion that the evidence presents a question of fact for the jury and that upon the record it was for the jury to say which version was correct:— that asserted by the defendant Potter or that testified to by the plaintiff and the man who accompanied him at the time of the accident.

The defendant Standard Oil Company contends that the evidence was insufficient to establish that Potter was its agent or employee or that the truck which he operated was being utilized in its business. This contention is based largely upon certain objections interposed to the testimony of the defendant Potter. The plaintiff called the defendant Potter for cross-examination and interrogated him at some length. While so testifying he was interrogated as regards the relationship existing between him and the Standard Oil Company. Defendants' counsel objected to the questions so propounded to Potter on the ground that agency cannot be established by the testimony of an agent. The objections were over-ruled and the testimony admitted. The trial court was entirely correct in over-ruling these objections. Where an agency can be established by parol, the agent is a competent witness to prove it and the extent of his authority. 10 Ency. Ev. pp. 14, 15. The rule that counsel for the defendant apparently had in mind is the one which inhibits the fact of agency and the extent of authority from being proven by the declarations of an agent. 10 Ency. Ev. pp. 15–20. This latter rule, of course, has no application here. For, here there was no attempt to prove the fact of agency or the extent of authority

by unsworn declarations or statements made by the alleged agent out of court. The agent was called and sworn as a witness and examined in court. He was entirely competent to testify. 10 Ency. Ev. pp. 14, 15. It is one thing to prove agency by unsworn declarations made by an agent out of court and quite another to prove such fact by the sworn testimony of the agent. While the former is inhibited we are aware of no rule which inhibits the latter.

The testimony of Potter disclosed, among other things, that he was in charge of the oil station of the defendant Standard Oil Company in a town close to where the accident occurred; that at the time the accident occurred he was in the usual discharge of his duties and delivering the products of the defendant Standard Oil Company. There was no attempt on the part of the defendant to qualify or in any manner explain the testimony given by Potter and, in our opinion, the testimony was entirely sufficient to justify reasonable men in deducing therefrom that Potter was the servant of the Standard Oil Company and that the accident in question occurred while he was discharging the duties which he had been employed to perform.

It is next contended by the defendant that the plaintiff was guilty of contributory negligence as a matter of law in driving with his arm resting on the ledge of the window and his elbow protruding some four or five inches. Questions of negligence and contributory negligence are ordinarily questions of fact. They become questions of law only when the facts are such that reasonable men, in the exercise of reason and judgment, may reasonably draw only one conclusion therefrom. In determining whether a person in a given situation is or is not negligent it is, of course, essential to consider all the existing facts and circumstances. The evidence here shows that the road where the accident occurred was a well maintained road of standard width. We do not believe that it can be said as a matter of law that a person is negligent because in driving on such road he rests his arm on the ledge of the window with the elbow protruding some four or five inches out of the window, when, in meeting another car or vehicle going in the opposite direction, he gives to such approaching vehicle as much of the highway as the testimony of the plaintiff in this case tends to show that he gave to the approaching truck. Nor can we say as a matter of law that the person in such car should anticipate that the approaching vehicle is

likely to have protruding from the side thereof some object which will bring the two vehicles in such close proximity that danger will or must result. It seems to us that a person driving on the highways is rather justified in assuming that an approaching vehicle, having only the ordinary and standard lights, has no unusual protrusions; and the duty of taking the precautions to avoid the extra hazard created by the protrusion rests upon the driver of the vehicle on which they exist. We are all agreed that it cannot be said as a matter of law that the plaintiff in this case was guilty of contributory negligence.

Error is also predicated upon the court's instructions to the jury. The defendant requested that the court give the following instruction:

"The fact that there was an accident and that the plaintiff sustained injuries is no evidence of negligence on the part of the defendants and before plaintiff can recover he must prove by a fair preponderance of the evidence that the defendants were negligent and that their negligence was the proximate cause of the injury complained of."

The request was denied. Error is assigned upon such denial. In appellants' brief it is said:

"It is very likely that unless the jurors were set right by such instruction, they would (unconsciously perhaps) permit the fact that plaintiff was seriously injured to influence them a great deal in arriving at a verdict. . . ."

In short, it is contended that in the absence of such instruction the jury might have deemed the happening of the accident with the resulting injury to the plaintiff sufficient to justify them in awarding damages to plaintiff. This contention, however, is not well founded in light of the instructions actually given upon the very question under consideration. The trial court instructed the jury as follows:

"If there was no negligence on the part of the defendant, no lack of ordinary care under all of the circumstances, then it would not matter what happened to the plaintiff, he cannot recover. He cannot recover for just a mere accident. He cannot recover simply because he got hurt unless Potter was guilty of negligence, guilty of failure to use ordinary care under all the circumstances there at that time and place and in doing what he was doing."

In view of these instructions the jury could not possibly have concluded that either of the defendants were liable if the defendants were

free from negligence and the collision was due to an accident. Elsewhere in the instructions the court clearly defined the rules to be applied in determining due care and want of care.

Error is also predicated upon certain other phases of the instructions. These assignments have not been argued in extenso; but we have examined them all and in our opinion the defendants were not prejudiced or deprived of a fair trial by reason of the instructions complained of.

The judgment and order appealed from are affirmed.

BIRDZELL, BURKE, NUESSLE and BURR, JJ., concur.